UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KAREN GARDNER,

         Plaintiff,

    v.

AMERICAN HOME MORTGAGE SERVICING, INC.; AHMSI DEFAULT SERVICES; T.D. SERVICE COMPANY; AMERICAN BROKERS CONDUIT; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for American Home Mortgage Assets Trust 2007 - Mortgage-Backed Pass-Through Certificates, Series 2001-7; VELMA WILSON; MELISSA COWPERTHWAITE; THEODORE L. FOWLER; STEVEN JAMES SAMUELSON; CYPRESS MORTGAGE GROUP, INC.,

         Defendants.

2:09-cv-00744-GEB-EFB

<u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u>

        The March 18, 2009, Order Setting Status (Pretrial Scheduling) Conference ("March 18 Order") scheduled a status conference in this case for June 15, 2009, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Plaintiff filed a status report but failed to file a timely status order as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed on later than 4:00 p.m. on June 23, 2009, why

1

sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report.  The written response shall also state whether Plaintiff or her counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on July 13, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the March 18 Order, a status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated:  June 9, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2