Michael R. Brooks, State Bar No. 167315
Bruce T. Bauer, State Bar No. 149781
**BROOKS BAUER, LLP**
2677 N. Main Street, Suite 930
Santa Ana, CA  92705-6632
Telephone (714) 558-1961; Facsimile (714) 564-9302

*Attorneys for Defendant* AMERICAN HOME MORTGAGE SERVICING INC. and AHMSI
DEFAULT SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN GARDNER,<br><br>                Plaintiff,<br><br>      v.<br><br>AMERICAN HOME MORTGAGE SERVICING,<br>INC., AHMSI DEFAULT SERVICES, INC., T.D.<br>SERVICE COMPANY, AMERICAN BROKERS<br>CONDUIT, DEUTSCHE BANK NATIONAL<br>TRUST COMPANY AS TRUSTEE FOR<br>AMERICAN HOME MORTGAGE ASSETS<br>TRUST 2007-MORTGAGE-BACKED PASS-<br>THROUGH CERTIFICATES, SERIES 2007-1,<br>VELMA WILSON, MELISSA<br>COWPERTHWAITE, THEODORE L. FOWLER,<br>STEVEN JAMES SAMUELSON, CYPRESS<br>MORTGAGE GROUP, INC., and DOES 1-20,<br>inclusive,<br><br>                Defendants. | ) Case No:  2:09-CV-00744-GEB-EFB<br>)<br>)<br>)<br>) **NOTICE OF MOTION AND MOTION TO**<br>) **DISMISS FIRST AMENDED COMPLAINT**<br>) **PURSUANT TO FRCP 12(b)(6) OF**<br>) **DEFENDANTS AMERICAN HOME**<br>) **MORTGAGE SERVICING, INC. AND**<br>) **AHMSI DEFAULT SERVICES, INC.**<br>)<br>) **Date:**       **November 23, 2009**<br>) **Time:**      **9:00 a.m.**<br>) **Honorable  Garland E. Burrell, Jr.**<br>) **Courtroom  10**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that **on November 23, 2009 at 9:00 a.m.**, or as soon thereafter as

counsel may be heard by the above-entitled Court, Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and AHMSI Default Services, Inc. ("AHMSI Default," collectively referred to herein as "Defendants"), will and hereby do move this Court to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted. The grounds for the Motion are set forth in the Memorandum of Points and Authorities filed concurrently with this Notice of Motion.

This Motion is based upon this Notice of Motion, the Memorandum of Points and authorities filed herewith, the pleadings and papers on file herein, and such other matters as may be presented to the Court at the time of the hearing.

BROOKS BAUER LLP

Dated:  October 2, 2009

/s/ *Bruce T. Bauer*
Bruce T. Bauer
Attorneys for Defendants AMERICAN HOME
MORTGAGE SERVICING INC. and AHMSI
DEFAULT SERVICES, INC.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................6

I.    INTRODUCTION .....................................................................................................................6

II.   STATEMENT OF FACTS ......................................................................................................6

III.  ARGUMENT.............................................................................................................................7

     A.    Standard of Review for Motion to Dismiss Pursuant to FRCP 12(b)(6) ..........................7

     B.    Plaintiff Has Not Alleged Sufficient Facts to State a Claim for Violation
          of the Rosenthal Act.........................................................................................................8

     C.    Plaintiff Has Failed to Allege Sufficient Facts to State a Claim for Negligence..............9

     D.    Plaintiff's Cause of Action for Violation of the Real Estate Settlement
          Procedures Act Should Be Dismissed Because Plaintiff Has Failed to Allege
          Sufficient Facts to State Such a Claim............................................................................10

     E.    Plaintiff's Sixth Cause of Action Fails to Plead Fraud with the Required
          Particularity.....................................................................................................................11

     F.    Plaintiff Has Not Alleged Sufficient Facts to State a Claim under the Unfair
          Competition Law .............................................................................................................12

     G.    Plaintiff Has Failed to State a Claim for Wrongful Foreclosure and, Therefore,
          The Tenth Cause of Action Should Be Dismissed..........................................................13

IV.   REQUEST FOR JUDICIAL NOTICE ...................................................................................16

V.    CONCLUSION.......................................................................................................................17

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967-69 (2007)................................................8

*Gentsch v. Ownit Mortgage Solutions, Inc.*, 2009 WL 1390843, * 5 (E.D. Cal. May 14, 2009)........13

*Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1092 (2nd Cir. 1995)..................................8

*Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ......................9

*Karlsen v. Am. Sav. and Loan Assoc.* (1971) 15 Cal. App. 3d 112, 117..............................15

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ........................................11

*Moeller v. Lien* (1994) 25 Cal. App. 4th 822, 830........................................................13, 14

*Napue v. Gor-Mey West, Inc.* (1985) 175 Cal. App. 3d 608, 621 ......................................15

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) .................................................................8

*Sicarios v. NDEX West, LLC*, 2009 WL 385855, S.D. Cal. Feb. 13, 2009) ........................13

*W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)...........................................8

**Statutes**

12 U.S.C. § 2601.....................................................................................................10

12 U.S.C. § 2605(a)-(e)..........................................................................................10

12 U.S.C. § 2605(e) .....................................................................................10, 11, 12

12 U.S.C. § 2605(e)(1)(A) .......................................................................................10

12 U.S.C. § 2605(e)(2)............................................................................................10

12 U.S.C. § 2605(f)(1) ............................................................................................10

California Bus. & Prof. Code § 17200 ............................................................................................ 12

California Civ. Code § 1788 .......................................................................................................... 8

California Civ. Code § 1788.1(b) .................................................................................................. 8

California Civ. Code § 1788.10 ..................................................................................................... 8

California Civ. Code § 1788.11 ..................................................................................................... 8

California Civ. Code § 1788.12 ..................................................................................................... 8

California Civ. Code § 2923.5 ..................................................................................................... 14

California Civ. Code § 2923.5(a)(1) ............................................................................................ 14

California Civ. Code §§ 2924 – 2924k ........................................................................................ 13

## **Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................................... 11

Fed. R. Civ. P. 12(b)(6)............................................................................................................. 7, 8

Fed. R. Evid. 201 ........................................................................................................................ 16

Fed. R. Evid. 201(b)..................................................................................................................... 16

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff has filed a form complaint that comes on the heels of the recent downturn of the real estate and lending markets. Many borrowers that in the past few years accepted loans in excess of their realistic financial capacity are now realizing the consequences of their overreaching. With a lack of liquidity in the real estate market to refinance, combined with a reduction of property values and a glut of burdensome home loans, borrowers want to ignore their contractual obligations by asserting baseless claims. Plaintiff's First Amended Complaint is premised upon one flawed and baseless legal theory after another, none of which makes up for the simple fact that Plaintiff stopped making payments on her mortgage and is now suffering the consequences of her default. Because Plaintiff's First Amended Complaint is legally deficient, Defendants request that it be dismissed in its entirety with prejudice.

### II.

### STATEMENT OF FACTS

Plaintiff alleges that she resides at the real property located at 6610 Chesterbrook Drive, Elk Grove, California (the "Property"). First Amended Complaint ("FAC"), ¶ 7. According to Plaintiff, in 2006, Defendant Velma Wilson befriended Plaintiff and offered to obtain a better mortgage than the one Plaintiff had at the time. FAC, ¶¶ 23, 25, 28, 29. As a result, on or about November 16, 2006, Plaintiff refinanced the Property and executed a promissory note (the "Note") secured by a deed of trust on the Property (the "Deed of Trust"). FAC, ¶ 38. The Deed of Trust identified Defendant American Brokers Conduit ("ABC") as the Lender and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary. FAC, ¶¶ 38, 41.

On or about November 21, 2008, a Notice of Default and Election to Sell Under Deed of Trust (the "Notice of Default") was recorded against the Property.  FAC, ¶ 52, Exhibit "A," attached hereto.[1] According to the Notice of Default, Plaintiff defaulted on her obligations under the Note and Deed of Trust in August 2008.  Exhibit "A," p. 2.  A Notice of Trustee's Sale was recorded against the Property on February 23, 2009.  Exhibit "B," attached hereto.  On March 17, 2009, the Property was sold at public auction and Defendant Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-1 Mortgage-Backed Pass-Through Certificates, Series 2007-1 ("Deutsche Bank") became the owner of the Property.  FAC, ¶ 54, Exhibit "C," attached hereto.

The only factual allegations regarding Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and AHMSI Default Services, Inc. ("AHMSI Default") may be summarized as follows.  AHMSI and AHMSI Default "are diversified financial marketing and/or services corporations engaged primarily in residential mortgage banking and/or related businesses."  FAC, ¶ 8.  On March 11, 2009, a Qualified Written Request was mailed to AHMSI, to which AHMSI did not properly respond.  FAC, ¶¶ 42, 97.  AHMSI Default was named as the duly appointed trustee on the Notice of Default.  FAC, ¶ 52.

## III.

## ARGUMENT

### A.    Standard of Review for Motion to Dismiss Pursuant to FRCP 12(b)(6).

Presuming the truth of all well pleaded facts and giving Plaintiff the benefit of reasonable inferences grounded in and flowing from the well pleaded facts, this Court should grant this motion to dismiss because Plaintiff's First Amended Complaint fails to state a legally sufficient claim for relief against Defendants.

---

[1] The documents attached hereto as Exhibits "A" through "C" are the subject of Defendants' Request for Judicial Notice, below.

This Court may not sustain a complaint based on conclusory allegations, speculation, or strategic pleading decisions. *Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1092 (2nd Cir. 1995). Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegation." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also, Papasan v. Allain*, 478 U.S. 265, 286 (1986). Additionally, a complaint must meet the requirement of plausibility, now a criterion advanced from the summary judgment stage to the pleading stage. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967-69 (2007). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's First Amended Complaint fails to allege sufficient facts to state a claim upon which relief may be granted and should therefore be dismissed.

**B.    Plaintiff Has Not Alleged Sufficient Facts to State a Claim for Violation of the Rosenthal Act.**

In her second cause of action, Plaintiff has alleged debt collection abuses in an attempt to state a claim for violations of Civil Code § 1788, *et seq.*, the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"). However, Plaintiff has not alleged any conduct by Defendants that violated any provision of the Rosenthal Act and, therefore, this cause of action should be dismissed. The purpose of the Rosenthal Act is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Civil Code § 1788.1(b). Prohibited acts include the collection of a debt by means of the use of physical force or violence, obscene or profane language, or unauthorized communications with the debtor's employer. Civil Code §§ 1788.10, 1788.11, 1788.12.

However, Plaintiff's First Amended Complaint fails to allege any such conduct on the part of AHMSI or AHMSI Default. Instead, Plaintiff alleges Defendants "threatened to take actions" including collecting on the debt and foreclosing upon the Property. FAC, ¶ 82 (emphasis added). Yet, pursuant to the Note and Deed of Trust entered into by Plaintiff, the Defendants were allowed to lawfully attempt to collect

monies owed and to foreclose upon the Property if the debt was not paid. In addition, "foreclosure does not constitute debt collection under the Rosenthal Act." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Further, there are no allegations beyond the simple attempt to foreclose on a power of sale in a deed of trust. Plaintiff has not alleged any facts describing conduct by AHMSI or AHMSI Default in collecting on the Note. As such, Plaintiff has not alleged Defendants engaged in any acts prohibited by the Rosenthal Act and the second cause of action should be dismissed.

## C.   Plaintiff Has Failed to Allege Sufficient Facts to State a Claim for Negligence.

In her third cause of action, Plaintiff seeks to recover for the purported negligence of Defendants. However, Plaintiff has not alleged facts – instead, Plaintiff recites legal truisms intended to pass as factual allegations. Plaintiff alleges Defendants "owed a duty to Plaintiff to perform acts in such a manner as to not cause Plaintiff harm" and unspecified Defendants breached that duty by failing "to maintain the original Mortgage Note," failing "to properly create original documents," and failing "to make the required disclosures to the Plaintiff." FAC, ¶ 89. Plaintiff also alleges Defendants breached their duty to Plaintiff by taking payments to which they were not entitled, charging fees they were not entitled to charge, and making negative reports to credit bureaus. FAC, ¶ 90.

However, these legal conclusions are insufficient to state a claim against Defendants. As noted in the Statement of Facts above, Plaintiff's First Amended Complaint contains very few factual allegations regarding AHMSI and AHMSI Default. According to Plaintiff, AHMSI failed to properly respond to a written request mailed on or about March 11, 2009. FAC, ¶¶ 42, 97. AHMSI Default was identified as the duly appointed trustee on the Notice of Default. FAC, ¶52. These allegations do not support a claim for negligence. First, as discussed in Section D below, Plaintiff has failed to demonstrate AHMSI was required to respond to Plaintiff's written request. Second, even if AHMSI had failed to properly respond to the

Case 2:09-cv-00744-GEB-EFB    Document 42    Filed 10/02/2009    Page 10 of 28


written request, Plaintiff has not alleged how that that failure breached the purported duty "to not cause Plaintiff harm." FAC, ¶ 89. Third, a simple violation of a statutory duty does not give rise to a claim in negligence. Finally, Plaintiff has failed to allege any conduct by AHMSI Default at all. As such, Plaintiff has failed to allege sufficient <u>facts</u> to establish Defendants breached any purported duty to Plaintiff and the third cause of action should be dismissed.

**D.** **Plaintiff's Cause of Action for Violation of the Real Estate Settlement and Procedures Act Should Be Dismissed Because Plaintiff Has Failed to Allege Sufficient Facts to State Such a Claim.**

In her fourth cause of action, Plaintiff has alleged violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* RESPA requires lenders and servicers of federally related mortgages to make certain disclosures and respond to certain borrower inquiries. 12 U.S.C. § 2605(a)-(e). Any party that fails to comply with those requirements is liable to the borrower for "actual damages to the borrower as a result of the failure" and an additional amount not to exceed $1,000.00 if the court finds a pattern or practice of noncompliance. 12 U.S.C. § 2605(f)(1).

Here, Plaintiff has alleged AHMSI violated 12 U.S.C. § 2605(e)(2) by "failing and refusing to provide a proper written explanation or response to Plaintiff's QWR." FAC, ¶ 97. However, Plaintiff has failed to allege sufficient facts to establish AHMSI had any duty to respond to Plaintiff's request or to support the conclusion that the response was not proper. First, the provision of RESPA upon which Plaintiff relies applies only to a servicer that receives a qualified written request for information relating to a loan being serviced by the servicer. 12 U.S.C. § 2605(e)(1)(A). As such, AHMSI had no duty to respond to Plaintiff's request if AHMSI was not the servicer of Plaintiff's loan. Yet, Plaintiff admits she "is not certain at this time exactly which of Defendants was actually the servicer of the loan at any given time." FAC, ¶ 95.

Because Plaintiff has not alleged AHMSI was the servicer of her loan, Plaintiff has failed to allege sufficient facts to establish AHMSI was required to respond to Plaintiff's request under 12 U.S.C. § 2605(e).

Second, even if Plaintiff had alleged AHMSI was the servicer of her loan at the time in question, Plaintiff has failed to allege sufficient facts to demonstrate AHMSI violated 12 U.S.C. § 2605(e). As noted above, Plaintiff alleges AHMSI failed to provide a "proper written explanation or response." FAC, ¶ 97. Yet, Plaintiff has failed to allege any facts that describe what was improper about the response. Absent such factual allegations, AHMSI cannot answer or defend against Plaintiff's claim. Because Plaintiff has failed to allege sufficient facts to state a claim for violation of RESPA by AHMSI, the fourth cause of action should be dismissed.

**E.    Plaintiff's Sixth Cause of Action Fails to Plead Fraud with the Required Particularity.**

Fraud actions are subject to strict pleading requirements because they are an attack upon a defendant's character. When fraud is alleged, Rule 9(b) of the Federal Rules of Civil Procedure requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Accordingly, "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotations and citations omitted). In addition, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citations omitted).

In the present case, Plaintiff's sixth cause of action is based upon the purported fraud of the Defendants. Plaintiff states, "[a]s alleged herein, Defendants, and each of them, have made several representations to Plaintiff with regard to material facts." FAC, ¶ 112. However, Plaintiff's First Amended Complaint contains no allegations regarding any representations made by AHMSI or AHMSI

Default. As a result, Plaintiff has not alleged the name of anyone within Defendants' organizations responsible for the fraudulent acts she asserts were committed. Further, Plaintiff has failed to allege when those acts were purportedly committed. Rather, she makes grossly inadequate, conclusory allegations that do not allege specific facts upon which a cause of action for fraud can be stated. Because Defendants have not been adequately informed of what it is the corporations have allegedly done, as required, they are unable to properly defend against Plaintiff's allegations. Therefore, the sixth cause of action should be dismissed.

**F.    Plaintiff Has Not Alleged Sufficient Facts to State a Claim under the Unfair Competition Law.**

In her seventh cause of action, Plaintiff seeks to hold Defendants liable for the purported violation of Business & Professions Code § 17200, *et seq.* (the "Unfair Competition Law"). However, Plaintiff has not alleged any facts that demonstrate Defendants have engaged in any conduct that violated that statute. To be actionable under the Unfair Competition Law, an act must be "unlawful, unfair or [a] fraudulent business practice." Bus. & Prof. Code § 17200.

Here, Plaintiff alleges, "Plaintiff is informed and believes that Defendants [*sic*] acts as alleged herein constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq." FAC, ¶ 120. However, Plaintiff fails to identify the conduct that allegedly violated the Unfair Competition Law. Further, the only alleged wrongdoing by Defendants consists of AHMSI's purported failure to properly respond to Plaintiff's written request. FAC, ¶¶ 42, 97. However, as demonstrated in Section D above, Plaintiff has not alleged sufficient facts to establish AHMSI violated 12 U.S.C. § 2605(e).

In addition, Plaintiff's First Amended Complaint contains no allegations of any actions taken by

AHMSI Default and, therefore, fails to allege any actions that violated the Unfair Competition Law. Finally, as demonstrated throughout this Motion, Plaintiff's First Amended Complaint fails to state any claim against Defendants and, therefore, fails to allege sufficient facts to demonstrate Defendants engaged in any unlawful, unfair or fraudulent business practice. As such, Plaintiff's seventh cause of action should be dismissed.

**G.    Plaintiff Has Failed to State a Claim for Wrongful Foreclosure and, Therefore, the Tenth Cause of Action Should Be Dismissed.**

In her tenth cause of action, Plaintiff has attempted to state a claim for wrongful foreclosure. However, Plaintiff has not alleged facts that establish any basis upon which to set aside the foreclosure. First, Plaintiff does not deny that she defaulted on her obligation to repay the Note. In fact, the First Amended Complaint contains no allegations regarding Plaintiff's repayment of the Note. In addition, the Notice of Default states Plaintiff defaulted on her obligations in August 2008, more than one year ago. Exhibit "A," p. 2.

Second, contrary to Plaintiff's assertions, delivery of the original note and deed of trust is not required to foreclose. Civil Code §§ 2924 through 2924k regulate the conduct of a non-judicial foreclosure sale pursuant to the power of sale granted in a deed of trust. Those provisions contain no requirement that the foreclosure trustee have the original note or deed of trust before conducting a non-judicial foreclosure. Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller v. Lien* (1994) 25 Cal. App. 4th 822, 830 (citing Civ. Code § 2924).

In addition, in a recent case before the United States District Court, Eastern District of California, the District Court noted, "no party needs to physically possess the promissory note" to commence the foreclosure process. *Gentsch v. Ownit Mortgage Solutions, Inc.*, 2009 WL 1390843, * 5 (E.D. Cal. May 14,

2009) (citing *Sicarios v. NDEX West, LLC*, 2009 WL 385855, S.D. Cal. Feb. 13, 2009). As such, Plaintiff's assertion that the Defendants were not entitled to foreclose because they were not in possession of the Note is legally flawed.

Third, Plaintiff's assertion that Defendants failed to properly give notice of the foreclosure and thereby violated Civil Code § 2923.5 is belied by the foreclosure documents, which are subject to judicial notice. Civil Code § 2923.5 requires the beneficiary of a deed of trust, or its authorized agent, to contact or attempt to contact a borrower in default prior to causing a notice of default to be recorded. Civ. Code § 2923.5(a)(1). In this case, the Notice of Default recorded against the Property states,

> The undersigned mortgagee, beneficiary, or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil code [*sic*] 2923.5.

Exhibit "A," p. 2. As such, in contrast to Plaintiff's conclusory allegation, the Notice of Default demonstrates the foreclosure proceeding complied with Civil Code § 2923.5.

Similarly, the Trustee's Deed Upon Sale states,

> Whereas, Trustee complied with all applicable statutory provisions of California Civil Code Sections 2924 et seq. and of the described Deed of Trust including the mailing, publication, personal delivery, and posting of the Notice of Default and Notice of Sale, as respectively appropriate.

Exhibit "C," p. 2. The inclusion of this recital in the Trustee's Deed Upon Sale gives rise to a rebuttable presumption that the foreclosure sale was conducted regularly and properly. *Moeller v. Lien* (1994) 25 Cal. App. 4th 822, 831 (citations omitted). Given the lack of facts alleged by Plaintiff, this presumption has not been rebutted in the First Amended Complaint.

Fourth, Plaintiff's assertion that Defendants were required to suspend the foreclosure to allow Plaintiff to be considered for alternative foreclosure options is without merit. Plaintiff asserts guidelines

promulgated by the United States Department of the Treasury (the "Guidelines") "clearly require '[a]ny foreclosure action...be temporarily suspended during the trial period, or while borrowers are considered for alternative foreclosure prevention options.'" FAC, ¶ 147. However, Plaintiff does not allege that she entered into a trial loan modification after the foreclosure of the Property was commenced. In addition, the Guidelines upon which Plaintiff relies are permissive. U.S. Dept. of Treasury, Home Affordable Modification Program Guidelines (March 4, 2009).[2] The opening text of the Guidelines states, "[t]rial loan modifications consistent with these Guidelines may be offered to homeowners beginning on this date, March 4, 2009...." *Id.*, p. 1 (emphasis added). Because Defendants were not required to offer a loan modification and Plaintiff did not enter into a trial loan modification, Defendants were not required to suspend the foreclosure proceeding.

Finally, Plaintiff cannot prevail on any claim for wrongful foreclosure because she has failed to make the required offer to do equity. When a plaintiff seeks to rescind a foreclosure sale, she is required to make a "valid and viable tender of payment of the indebtedness owing." *Karlsen v. Am. Sav. and Loan Assoc.* (1971) 15 Cal. App. 3d 112, 117. Such a plaintiff must also demonstrate she has the ability to make the tender good. *Id.* at 118. *See also, Napue v. Gor-Mey West, Inc.* (1985) 175 Cal. App. 3d 608, 621. The rationale for this requirement is that a party requesting the Court to do equity by setting aside a foreclosure sale must show the Court she is willing and able to do equity by paying the amount she owes on the loan. *Id.* "Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act." *Karlsen*, 15 Cal. App. 3d at 118.

In the present case, Plaintiff's First Amended Complaint contains no allegation in which she offers to

---

[2] The Guidelines are available on the internet at:

<http://www.treas.gov/press/releases/reports/modification_program_guidelines.pdf>.

do equity by paying the amount due on the Note. Further, given the seriously delinquent nature of Plaintiff's payments, it is unlikely she can demonstrate she has the ability to pay off the Note if the foreclosure sale is cancelled. Plaintiff has failed to allege any grounds upon which the foreclosure sale may be set aside and has failed to make the required offer to do equity. As such, Plaintiff's tenth cause of action should be dismissed.

## IV.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants respectfully request that the Court take judicial notice of the documents attached hereto as Exhibits "A" through "C," respectively.

1.     Notice of Default and Election to Sell Under Deed of Trust, recorded in Book 20081121 Page 0754 in the Office of the Sacramento County Recorder, attached hereto as Exhibit "A;"

2.     Notice of Trustee's Sale, recorded in Book 20090223 Page 0298 in the Office of the Sacramento County Recorder, attached hereto as Exhibit "B;" and

3.     Trustee's Deed Upon Sale, recorded in Book 20090323 Page 0391 in the Office of the Sacramento County Recorder, attached hereto as Exhibit "C."

The documents attached hereto are public documents on file in the Office of the Sacramento County Recorder. As such, those documents are generally known within the territorial jurisdiction of this Court. Further, the documents attached hereto are capable of accurate and ready determination by resort to a source of reasonably undisputed accuracy – the Office of the Sacramento County Recorder. Therefore, the

existence and contents of those documents are not subject to reasonable dispute and Defendants request the

Court take judicial notice of the documents attached hereto as Exhibits "A" through "C."

**V.**

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to

Dismiss Pursuant to FRCP 12(b)(6) in its entirety.

BROOKS BAUER LLP

Dated:  October 2, 2009

/s/ Bruce T. Bauer
Bruce T. Bauer
Attorneys for Defendants AMERICAN HOME
MORTGAGE SERVICING INC. and AHMSI
DEFAULT SERVICES, INC.

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2677 N. Main Street, Suite 930, Santa Ana, CA 92705-6632.

On October 2, 2009, I served a copy of the following document(s):

- **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) OF DEFENDANTS AMERICAN HOME MORTGAGE SERVICING, INC. AND AHMSI DEFAULT SERVICES, INC.** on the interested parties in this action:

<u>X</u>    **BY MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

___    **BY OVERNIGHT MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice, it would be retrieved by an OVERNITE EXPRESS representative during his regularly scheduled daily collection, deposited in the regularly utilized collection box for OVERNITE EXPRESS, or deposited with an OVERNITE EXPRESS representative at an OVERNITE EXPRESS office on that same day with delivery fees thereon fully prepaid at Santa Ana, California in the ordinary course of business. I have placed a true and correct copy thereof in a sealed envelope(s) designated by OVERNITE EXPRESS, with delivery fees thereon fully prepaid and addressed as follows:

| | |
|---|---|
| Jonathan G. Stein, Esq. | Lawrence J. Dreyfuss, Esq. |
| Law Offices of Jonathan G. Stein | The Dreyfuss Firm, Plc |
| 5050 Laguna Blvd., Suite 112-325 | 7700 Irvine Center Drive, Suite 710 |
| Elk Grove, CA  95758 | Irvine, CA  92618 |
| (916)247-6868  (916)443-5022 – facsimile | (949) 727-0977  (949) 450-0668 – facsimile |
| jonathan@jonathangstein.com | roma@dreyfusslaw.com |
| ***Attorneys for Plaintiff, Karen Gardner*** | ***Attorneys for Defendant, T.D. Service Company*** |

**STATE**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**FEDERAL**: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 2, 2009, at Santa Ana, California.

*/s/Sandi Aders-Todd*
SANDI ADERS-TODD

EXHIBIT A

**LSI Title Company (CA)**

RECORDING REQUESTED BY

T.D. SERVICE COMPANY

and when recorded mail to
T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210
P.O. BOX 11988
SANTA ANA, CA 92711-1988

Sacramento County Recorder
Frederick B. Garcia, Clerk/Recorder
BOOK **20081121** PAGE **0754**

Check Number  4675
Friday, NOV 21, 2008 12:34:28 PM
Ttl Pd    $17.00          Nbr-0005651954

SJS/57/1-3

0800968 7S   SPACE ABOVE THIS LINE FOR RECORDERS USE _____

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## "IMPORTANT NOTICE"

T.S. No: H374888 CA     Unit Code: H     Loan No: 0031492390/GARDNER
Min No: 100024200015257617
AP #1: 117-1300-001
Property Address: 6610 CHESTERBROOK DRIVE, ELK GROVE, CA  95758

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good
standing by paying all of your past due payments plus permitted costs and expenses within the
time permitted by law for reinstatement of your account, which is normally five business days
prior to the date set for the sale of your property.  No sale date may be set until three months
from the date this notice of default may be recorded (which date of recordation appears on this
notice).

This amount is $7,361.48, As of November 28, 2008

and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance
and taxes) required by your note and deed of trust or mortgage.  If you fail to make future
payments on the loan, pay taxes on the property, provide insurance on the property, or pay
other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing.  In
addition, the beneficiary or mortgagee may require as a condition to reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of
the entire amount you must pay.  You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at
the time payment is made.  However, you and your beneficiary or mortgagee may mutually
agree in writing prior to the time the notice of sale is posted (which may not be earlier than the
end of the three-month period stated above) to, among other things, (1) provide additional time
in which to cure the default by transfer of the property or otherwise;  or (2) establish a
schedule of payments in order to cure your default; or both (1) and (2).

Page 2

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

T.S. No: H374888 CA      Unit Code: H      Loan No: 0031492390/GARDNER
Min No: 100024200015257617
AP #1: 117-1300-001

Following the expiration of the time period referred to in the first paragraph of this notice,
unless the obligation being foreclosed upon or a separate written agreement between you and
your creditor permits a longer period, you have only the legal right to stop the sale of your
property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if
your property is in foreclosure for any other reason, contact:
DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN
HOME MORTGAGE ASSETS TRUST 2007-1 MORTGAGE-BACKED
PASS-THROUGH CERTIFICATES, SERIES 2007-1
Foreclosure Department
Fidelity National Foreclosure
and Bankruptcy Solutions
1270 Northland Drive
Mendota Heights, MN  55120
(651) 234-3500
If you have any questions, you should contact a lawyer or the government agency which may
have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may
offer your property for sale, provided the sale is concluded prior to the conclusion of the
foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT
TAKE PROMPT ACTION**
NOTICE IS HEREBY GIVEN THAT: AHMSI DEFAULT SERVICES, INC. is duly
appointed Trustee under the following described Deed of Trust:

**Trustor:** KAREN GARDNER

Recorded November 22, 2006  as Instr. No. --- in Book  20061122  Page  1589 of Official
Records in the office of the Recorder of SACRAMENTO County; CALIFORNIA

Said Deed of Trust secures certain obligations including one Note for the sum of **$393,300.00**

That the Beneficial interest under such Deed of Trust and the obligations secured thereby are
presently held by the Beneficiary; That a breach of, and default in, the obligations for which
such Deed of Trust is security has occurred in that payment has not been made of:
**THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH
BECAME DUE AUGUST 1, 2008 AND ALL SUBSEQUENT INSTALLMENTS OF
PRINCIPAL, INTEREST AND IMPOUNDS, PLUS LATE CHARGE(S), PLUS
MISCELLANEOUS FEE(S) IN THE AMOUNT OF $27.00.**

That by reason thereof, the present Beneficiary under such Deed of Trust has executed and
delivered to said duly appointed Trustee, a written Declaration of Default and Demand for
Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all
documents evidencing obligations secured thereby, and has declared and does hereby declare
all sums secured thereby immediately due and payable and has elected and does hereby elect
to cause the trust property to be sold to satisfy the obligations secured thereby.
The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary
purusant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the
mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with
due diligence to contact the borrower as required by California Civil code 2923.5.

Page 3
T.S. No: H374888 CA    Unit Code: H    Loan No: 0031492390/GARDNER
Current Beneficiary

**DATED 11/21/08**
DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN
HOME MORTGAGE ASSETS TRUST 2007-1 MORTGAGE-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2007-1
BY T.D.Service Company as Authorized Agent by LSI Title Company, as Agent

BY _____    BY _____

We are assisting the Beneficiary to collect a debt and any information we obtain will be used
for that purpose whether received orally or in writing.

# EXHIBIT B

Sacramento County Recorder
Frederick B. Garcia, Clerk/Recorder
BOOK **20090223** PAGE **0298**

Check Number  5210
Monday, FEB 23, 2009  8:55:39 AM
Ttl Pd    $14.00          Nbr-0005760207

JLW/14/1-2

RECORDING REQUESTED BY

T.D. SERVICE COMPANY

And when recorded mail to
T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210
P.O. BOX 11988
SANTA ANA , CA 92711-1988

_____ Space above this line for recorder's use _____

## NOTICE OF TRUSTEE'S SALE

T.S. No: H374888 CA      Unit Code: H      Loan No: 0031492390/GARDNER
Min No: 100024200015257617
AP #1: 117-1300-001

AHMSI DEFAULT SERVICES, INC., as duly appointed Trustee under the following described Deed of Trust
WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (in the forms which are lawful
tender in the United States) and/or the cashier's, certified or other checks specified in Civil Code Section 2924h
(payable in full at the time of sale to T.D. Service Company) all right, title and interest conveyed to and now
held by it under said Deed of Trust in the property hereinafter described:

Trustor: KAREN GARDNER

Recorded November 22, 2006 as Instr. No. --- in Book 20061122 Page 1589 of Official Records in the
office of the Recorder of SACRAMENTO County; CALIFORNIA , pursuant to the Notice of Default and
Election to Sell thereunder recorded November 21, 2008 as Instr. No. --- in Book 081121 Page 754 of
Official Records in the office of the Recorder of SACRAMENTO County CALIFORNIA.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED NOVEMBER 16, 2006. UNLESS YOU
TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU
NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.

6610 CHESTERBROOK DRIVE, ELK GROVE, CA 95758
"(If a street address or common designation of property is shown above, no warranty is given as to its
completeness or correctness)."

Said Sale of property will be made in "as is" condition without covenant or warranty, express or implied,
regarding title possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said
Deed of Trust, with interest as in said note provided, advances, if any, under the terms of said Deed of Trust,
fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

Said sale will be held on:
**MARCH 17, 2009, AT 10:00 A.M. *AT THE ENTRANCE TO THE COUNTY COURTHOUSE, 720 9TH
STREET, SACRAMENTO, CA**

At the time of the initial publication of this notice, the total amount of the unpaid balance of the obligation
secured by the above described Deed of Trust and estimated costs, expenses, and advances is $458,598.95. It is
possible that at the time of sale the opening bid may be less than the total indebtedness due.

Page 2
T.S. No: H374888 CA     Unit Code: H     Loan No: 0031492390/GARDNER

Date: February 23, 2009

AHMSI DEFAULT SERVICES, INC. as said Trustee, by T.D. Service Company as Agent for Trustee and as
Authorized Agent for the Beneficiary

BY
KIMBERLY THORNE, ASSISTANT SECRETARY
T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210, P.O. BOX 11988
SANTA ANA, CA 92711-1988
(714) 543-8372

We are assisting the Beneficiary to collect a debt and any information we obtain will be used for that purpose
whether received orally or in writing.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be
the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

If available, the expected opening bid and/or postponement information may be obtained by calling the
following telephone number(s) on the day before the sale: (714) 480-5690 or you may access sales information
at www.ascentex.com/websales.

# EXHIBIT C



RECORDING REQUESTED BY
TD SERVICE COMPANY

And when recorded mail to
AMERICAN HOME MORTGAGE SERVICE
RE: Loan # 0031492390/GARDNER
6501 IRVINE CENTER DRIVE
IRVINE, CA 92618

Sacramento County Recorder
Frederick B. Garcia, Clerk/Recorder
BOOK **20090323** PAGE **0391**

Check Number   7201
**Monday, MAR 23, 2009   8:56:40 AM**
Ttl Pd   **$14.00**        Nbr-0005800718

**JLW/14/1-2**

 _____ Space above this line for recorder's use _____

# TRUSTEE'S DEED UPON SALE

The undersigned declares under penalty of perjury that the following declaration is true and correct:

1) The Grantee herein was the foreclosing Beneficiary.
2) The amount of the unpaid debt together with costs was - - - - - - - - - - - - - - - - - - -    $463,149.54
3) The amount paid by the Grantee at the Trustee's Sale was - - - - - - - - - - - - - - - - -    $365,925.93
4) The documentary transfer tax is - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    $.00
5) The city transfer tax is - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    $.00
6) The monument preservation tax is - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    $.00
7) Said property is in **Elk Grove**, County of **Sacramento**

TRA#: 03117

T.D. SERVICE COMPANY

Dated: 03/17/09               By_____
                              Joanne M. Rios, Receptionist
_____
T.S. No: H374888 CA    Unit Code: H    Loan No: 0031492390/GARDNER
Min No: 100024200015257617
AP #1: 117-1300-001
Property Address: 6610 CHESTERBROOK DRIVE, ELK GROVE, CA 95758

AHMSI DEFAULT SERVICES, INC.
(herein called Trustee)

does hereby GRANT AND CONVEY, without any covenant or warranty, express or implied to

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE
ASSETS TRUST 2007-1 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1
(herein called Grantee), such interest as Trustee has in that certain property described as follows:

PARCEL 1, AS SHOWN ON THAT CERTAIN MAP ENTITLED   PLAT OF LAGUNA BLUFFS, FILED IN
THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, CALIFORNIA ON JUNE 25,
1998, IN BOOK 151 OF PARCEL MAPS, AT PAGE 9 AND IN BOOK 253 OF MAPS, PAGE 4,
SACRAMENTO COUNTY RECORDS.

This conveyance is made pursuant to the authority vested in said Trustee, as Trustee or as duly appointed Trustee
by the Deed of Trust described as follows:

MAIL TAX STATEMENTS TO ADDRESS SHOWN ABOVE

Page 2
T.S. No: H374888 CA   Unit Code: H   Loan No: 0031492390/GARDNER

Trustor:  KAREN GARDNER

Recorded November 22, 2006  as Instr. No. --- in Book  20061122  Page  1589 of Official Records in the office of the Recorder of SACRAMENTO County; CALIFORNIA , Whereas, the holder of the note secured by said Deed of Trust delivered to Trustee a written Declaration of Default and, pursuant thereto, a Notice of Default was recorded November 21, 2008 as Instr. No. --- in Book  081121  Page  754  of Official Records in the office of the Recorder of  SACRAMENTO  County; CALIFORNIA.

Whereas, Trustee complied with all applicable statutory provisions of California Civil Code Sections 2924 et seq. and of the described Deed of Trust including the mailing, publication, personal delivery, and posting of the Notice of Default and Notice of Sale, as respectively appropriate.

Said Notice of Trustee's Sale stated the time and place that Trustee would sell its interest in the described property at public auction. On March 17, 2009, the date set forth in the Notice of Trustee's Sale or the properly postponed sale date, Trustee sold the described property to Grantee, the highest qualified bidder present, for the sum of $365,925.93  **Pro-tanto**.

In Witness Whereof, the undersigned caused its corporate name and seal (if applicable) to be hereunto affixed.

Dated  March 17, 2009

AHMSI DEFAULT SERVICES, INC.
By T.D. Service Company, As Agent for the Trustee
By _____
   Cheryl L. Mondragon, Assistant Secretary

By _____
   Kimberly Thorne, Assistant Secretary

STATE OF CALIFORNIA          )
COUNTY OF ORANGE             )SS

On  03/17/09 before me, J RIOS, a Notary Public, personally appeared  CHERYL L. MONDRAGON and KIMBERLY THORNE, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the Laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  (Seal)

J. RIOS
COMM. # 1597945
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires Aug. 23, 2009

This document filed for recording By Fidelity National Title Insurance and Trust as an accommodation only. It has not been examined as to its execution or as to its effect upon the title.