1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7   KAREN GARDNER,                    )
                                      )
8            Plaintiff,               )    2:09-cv-00744-GEB-EFB
                                      )
9        v.                           )    ORDER GRANTING AND DENYING IN
                                      )    PART DEFENDANTS' MOTION TO
10  AMERICAN HOME MORTGAGE SERVICING, )    DISMISS*
    INC.; AMERICAN BROKERS CONDUIT;   )
11  DEUTSCHE BANK NATIONAL TRUST      )
    COMPANY AS TRUSTEE FOR AMERICAN   )
12  HOME MORTGAGE ASSETS TRUST 2007-  )
    MORTGAGE-BACKED PASS-THROUGH      )
13  CERTIFICATES, SERIES 2007-1; T.D. )
    SERVICE COMPANY; AHMSI DEFAULT    )
14  SERVICES, INC.; MORTGAGE ELECTRONIC)
    REGISTRATION SYSTEMS, INC.; CYPRESS)
15  MORTGAGE GROUP, INC.; THEODORE L. )
    FOWLER, STEVEN JAMES SAMUELSON and )
16  VELMA WILSON,                     )
                                      )
17           Defendants.              )
    _____ )

18

19          On October 2, 2009, Defendants American Home Mortgage

20  Servicing, Inc. ("AHMSI") and AHMSI Default Services, Inc. ("AHMSI

21  Default") (collectively, "Defendants") filed a motion under Federal

22  Rule of Civil Procedure 12(b)(6) in which they seek an order

23  dismissing the seven claims alleged against them in Plaintiff's first

24  amended complaint.  (Docket No. 42.)  For the reasons stated below,

25  Defendants' motion to dismiss is GRANTED and DENIED IN PART.

26  //

27  _____

28      *   This matter is deemed to be suitable for decision without oral
    argument.  E.D. Cal. R. 230(g).

                                    1

## I.  LEGAL STANDARD

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id.  "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd

1  v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither
2  conclusory statements nor legal conclusions are entitled to a
3  presumption of truth.  See Iqbal, 129 S. Ct. at 1949-50.

4          Defendants request that judicial notice be taken of three
5  documents related to the foreclosure of Plaintiff's property which are
6  publically recorded with the Sacramento County Recorder: a November
7  21, 2008 Notice of Default and Election to Sell Under Deed of Trust, a
8  February 23, 2009 Notice of Trustee's Sale, and a March 17, 2009
9  Trustee's Deed Upon Sale.  Plaintiff objects to Defendants' request
10 for judicial notice, arguing that at most, "the documents establish,
11 date and location of filing and the identity of the filer" but "do not
12 establish the Moving Parties' actions."  (Opp'n 22:17-28.)

13         While, "as a general rule, a district court may not consider
14 materials not originally included in the pleadings in deciding a Rule
15 12 motion . . . it may take judicial notice of matters of public
16 record and may consider them without converting a Rule 12 motion into
17 one for summary judgment."  United States v. 14.02 Acres of Land, 547
18 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted).
19 However, to take judicial notice of a fact, it must be either
20 "generally known within the territorial jurisdiction of the trial
21 court" or "capable of accurate and ready determination by resort to
22 sources whose accuracy cannot reasonably be questioned."  Fed. R.
23 Evid. 201(b).  The documents submitted by Defendants are publically
24 recorded documents of which judicial notice may properly be taken, and
25 accordingly, those documents may be considered in deciding Defendants'
26 dismissal motion.  See Champlaie, 2009 WL 3429622, at *4 (finding
27 judicial notice of recorded Notice of Default, Notice of Trustee's
28 Sale, and Trustee's Deed Upon Sale proper).  Plaintiff's argument in

opposition to Defendants' request is insufficient to preclude the court from taking judicial notice of these documents.

## II.  BACKGROUND

On or about November 16, 2006, Plaintiff obtained a loan from American Brokers to refinance her residence located at 6610 Chesterbrock Drive in Elk Grove, California.  (First Amended Compl. ("FAC") ¶ 38.)  The "terms of the loan were [memorialized] in a promissory note which in turn was secured by a Deed of Trust on the property." (Id.)  The Deed of Trust identified American Brokers as the lender and MERS as the beneficiary and nominee for the lender and the lender's assigns and successors.  (Id. ¶¶ 38, 41.)

Plaintiff alleges that in 2006, defendant Velma Wilson told her she was a loan officer for defendant Cypress and "solicited [Plaintiff] to refinance her residence." (Id. ¶ 23.)  Plaintiff's claims largely stem from her allegations that Wilson induced her into purchasing an unaffordable loan through misrepresentations, non-disclosure and fraudulent conduct.  Specifically, Plaintiff alleges Wilson told Plaintiff that she could get her "the 'best deal' and the 'best interest rates' available on the market" and if the "loan ever became unaffordable" Plaintiff would be able to refinance. (Id. ¶¶ 25, 36.)

At some point, Plaintiff stopped making payments on her mortgage loan.  On or about November 21, 2008, T.D. Service Company filed a Notice of Default on the loan and deed of trust with the Sacramento County Recorder.  (Id. ¶ 52, Request for Judicial Notice ("RJN") Ex. A.)  The Notice of Default provided that Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-1 Mortgage-Backed Pass-Through Certificates, Series 2007-1,

was the beneficiary and AHSMI Default the trustee under the Deed of
Trust.  (Id.)  Plaintiff alleges that "this 'appointment' was
fraudulent and void [and] [a]ccordingly, the Notice of Default was
defective and void."  (FAC ¶ 52.)

     A Notice of Trustee's Sale was recorded on February 23, 2009
with the Sacramento County Recorder, stating that AHSMI Default, as
the trustee, would sell Plaintiff's property at a public auction
occurring on March 17, 2009.  (RJN Ex. B.)  The Notice of Trustee's
Sale provided that the amount of the unpaid balance on Plaintiff's
loan totaled $458.598.95.  (Id.)

     A Trustee's Deed Upon Sale was recorded on March 23, 2009.
The Trustee's Deed Upon Sale states that AHMSI Default, as the
trustee, sold Plaintiff's residence to Deutsche Bank National Trust
Company for $365,925.93 on March 17, 2009.  (RJN Ex. C.)  At the time
of sale, the amount of Plaintiff's unpaid debt with costs totaled
$463,149.54.  (Id.)

     Plaintiff alleges that:

> Defendants, and each of them, are not the real
> parties in interest, are not the legal
> trustee, mortgagee or beneficiary, nor are
> they authorized agents of the trustee,
> mortgagee or beneficiary, nor are they in
> possession of the Note, or holders of the
> Note, or non-holders of the Note entitled to
> payment, as required by the California
> Commercial Code §§ 3301 and 3309, and
> California Civil Code § 2924 et seq.
> Therefore, Defendants instituted foreclosure
> proceedings against Plaintiff's Property
> without rights under the law.

(FAC ¶ 60.)  Further, Plaintiff alleges "Defendants misrepresented
material facts with the intent of forcing Plaintiff to either pay
large sums of money to the Defendants, to which they were not

entitled, or to abandon the Property to a foreclosure sale . . . ."
(Id. ¶ 61.)

Plaintiff filed her original complaint in this federal district court on March 17, 2009.  She filed her now operative first amended complaint on August 4, 2009, in which she alleges ten claims under state and federal law against ten different defendants.

Defendants argue Plaintiff failed to timely serve an opposition to their dismissal motion since Defendants' counsel was not personally served as required under Local Rule 78-230(c).  Local Rule 78-230(c)[1] requires that any opposition to a motion be filed with the Clerk of the Court not less than fourteen days before the hearing date and personally served on opposing counsel not less than fourteen days before the hearing date or mailed or electronically served not less than seventeen days before the hearing date.  The hearing date for Defendants' dismissal motion was noticed for November 23, 2009.  Plaintiff timely filed her opposition with the Clerk on November 7, 2009.  Plaintiff, however, did not effectuate service of her opposition on Defendants' counsel.  Nonetheless, since Defendants counsel was aware of Plaintiff's opposition and filed a reply, both the opposition and the reply will be considered.

### III.  DISCUSSION

#### A.  Rosenthal Act Claims Against AHMSI and AHMSI Default

Defendants argue Plaintiff's Rosenthal Act claims should be dismissed since Plaintiff has not alleged "any conduct by Defendants that violated any provision of the Rosenthal Act . . . ."  (MTD 8:15-

---

[1]   The Eastern District amended its Local Rules effective December 1, 2009.  Therefore, an older version of the Local Rules was in effect when Defendants' dismissal motion was filed.

16.)  Plaintiff responds, arguing she has satisfied the requirements of Federal Rule of Civil Procedure 8.  (Opp'n 9:18-9:10.)

California's Rosenthal Act serves to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006) (citing Cal. Civ. Code § 1788.1) (emphasis omitted).  However, the Act only governs the conduct of a "debt collector," which under the statute is defined as "any person who, in the ordinary course of business, regularly, and on behalf of himself or herself . . . engages in debt collection."  Cal Civ. Code. § 1788.2.

Plaintiff's complaint alleges Defendants "are debt collectors" and their "actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including . . .: collecting on a debt not owed to Defendants, making false reports to credit reporting agencies, foreclosing upon a void security interest, foreclosing upon a Note of which they were not in possession nor otherwise entitled to payment, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt."  (FAC ¶¶ 81, 82.)

Plaintiff's allegations, however, "are too vague to give rise to any inference that a specific defendant has violated" the Rosenthal Act.  Arikat, 430 F. Supp. 2d at 1027 (dismissing as too vague, Rosenthal Act claim that alleged all violations against all defendants without specifying each defendant's individual conduct).

Further, "foreclosure pursuant to a deed of trust does not constitute debt collection under the [Rosenthal Act]." Castaneda v. Saxon Mortg. Servs., Inc., No. CIV 2:09-01124 WBS DAD, --- F. Supp. 2d ----, 2009 WL 4640673, at *3 (E.D. Cal. Dec. 3, 2009) (citations omitted); see also Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010) (stating that "California courts have declined to regard a residential mortgage loan as a 'debt' under the [Rosenthal Act]"). Therefore, to the extent Plaintiff's Rosenthal Act claims against Defendants arise out of collection efforts related to Plaintiff's mortgage loan, they are outside the scope of the Rosenthal Act. See Morgera, 2010 WL 160384, at *3 (dismissing Rosenthal Act claim related to residential mortgage loan). Accordingly, Plaintiff's Rosenthal Act claims against Defendants are dismissed.

### B.   Negligence Claim Against AHMSI and AHMSI Default

Defendants also argue Plaintiff has failed to allege sufficient facts to state a negligence claim as she only "recites legal truisms intended to pass as factual allegations." (MTD 9:10-11.) Defendants conclude that "these legal conclusions are insufficient to state a claim . . . ." (Id. 9:19.) Plaintiff responds, arguing that her amended complaint is "replete with factual allegations." (Opp'n. 11:10.)

Plaintiff alleges that Defendants "owed a duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm." (FAC ¶ 89). Plaintiff further alleges that "Defendants breached their duty of care to the Plaintiff when they failed to maintain the original Mortgage Note, failed to properly create original documents, and failed to make the required disclosures to the

8

1  Plaintiff." (Id.)  Plaintiff also alleges Defendants "breached their

2  duty of care" "when they took payments to which they were not

3  entitled, charged fees they were not entitled to charge, and made or

4  otherwise authorized negative reporting of Plaintiff's

5  creditworthiness to various credit bureaus wrongfully." (Id. ¶ 90.)

6        Defendants have cited no authority in support of their

7  motion to dismiss Plaintiff's negligence claim, and therefore, have

8  not demonstrated that Plaintiff's factual allegations are insufficient

9  to state a claim for negligence.  Although Defendants argue in their

10 reply brief that Plaintiff has not demonstrated that Defendants owed

11 Plaintiff a legal duty of care which could give rise to a negligence

12 claim, a "district court need not consider arguments raised for the

13 first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997

14 (9th Cir. 2007) (citation omitted).  Therefore, the portion of

15 Defendants' motion seeking to dismiss Plaintiff's negligence claim is

16 denied.

17     **C.  Real Estate Settlement Procedures Act Claim Against AHMSI**

18        Defendants further argue Plaintiff's claims against AHSMI

19 for violations of the Real Estate Settlement Procedures Act ("RESPA")

20 should be dismissed since Plaintiff has failed to allege sufficient

21 facts to establish that "AHMSI had any duty to respond to Plaintiff's

22 [qualified written] request or to support the conclusion that the

23 response was not proper." (MTD 10:19-21.)  Plaintiff counters,

24 Defendants have "successfully concealed from Plaintiff who was

25 servicing her loan" and "Plaintiff is not required to 'describe' with

26 factual allegations what was improper about [AMHSI's] response."

27 (Opp'n 12:14-13:21.)

28

1    Plaintiff's complaint alleges that "[o]n or about Mach 11,
2    2009, a Qualified Written Request under RESPA . . . was mailed to
3    Defendant [AHMSI].  The QWR included a demand to rescind the loan
4    under the TILA provisions.  Defendant [AHMSI] has yet to properly
5    respond to this request."  (FAC ¶ 42.)  Plaintiff further alleges
6    AHMSI "violated RESPA, 12 U.S.C. § 2605(e)(2), by failing and refusing
7    to provide a proper written explanation or response to Plaintiff's
8    QWR.  (Id. ¶ 97.)  Plaintiff also alleges "Defendants have engaged in
9    a pattern or practice of non-compliance with the requirements of the
10   mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §
11   2605."  (Id. ¶ 98.)  Plaintiff, however, alleges that she "is not
12   certain at this time exactly which of Defendants was actually the
13   servicer of the loan at any given time."  (Id. ¶ 95.)

14       RESPA requires that loan servicers provide a timely written
15   response to a "qualified written request" ("QWR") from a borrower.  12
16   U.S.C. § 2605(e)(1),(2).  No later than "60 days (excluding legal
17   public holidays, Saturdays and Sundays) after the receipt from any
18   borrower of any qualified written request" a loan servicer is required
19   to "provide the borrower with a written explanation or clarification"
20   that includes certain statutorily specified information.  12 U.S.C. §
21   2605(e)(2).  However, the requirements of section 2605(e)(2) apply
22   only to loan servicers.  A "loan servicer" refers to the person
23   responsible for "receiving any scheduled periodic payments from a
24   borrower pursuant to the terms of any loan . . . ."  12 U.S.C. §
25   2605(i)(2), (3).

26       "Plaintiff's inability to allege whether [AHMSI] was the
27   loan servicer at the time in question is troubling because under RESPA
28   § 2605, only a loan servicer has a duty to respond to a borrower's

inquiries." <u>Gonzalez v. First Franklin Loan Servs.</u>, No. 1:09-CV-00941 AWI-GSA, 2010 WL 144862, at *12 (E.D. Cal. Jan. 11, 2010). Since Plaintiff is uncertain about which defendant was her loan servicer at any given time, her allegations are insufficient to demonstrate that any particular defendant was her loan servicer and was obligated to respond to her QWR. <u>See</u> <u>Castaneda</u>, 2009 WL 4640673, at *5 (stating that "[w]ithout alleging that [defendant] is a 'loan servicer' under RESPA plaintiffs cannot show that [defendant] owed any duty to respond to their QWR . . . ."); <u>Blanco v. Am. Home Mortgage Servicing, Inc.</u>, No. CIV 2:09-578 WBS DAD, 2009 WL 4674904, at *6 (E.D. Cal. Dec. 4, 2009) (dismissing RESPA claim for failure to respond to QWR where plaintiffs alleged they were "not certain . . . exactly which of the defendants was actually the servicer of the loan at any given time"). Plaintiff, therefore, has not pled facts demonstrating that AHMSI was her loan servicer when she sent AHMSI her purported QWR. Therefore, Plaintiff's RESPA claim against AHMSI for failure to respond to her QWR is dismissed.

Defendants, however, have not challenged Plaintiff's allegation that "Defendants engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA." Therefore, this portion of Plaintiff's RESPA claim is not dismissed.

### D.  Fraud Claim Against AHMSI and AHMSI Default

Defendants argue Plaintiff's fraud claims should be dismissed since Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 9(b). (MTD 11:13-12:8.) Plaintiff counters that she has identified specific facts and circumstances constituting fraud. (Opp'n 14:14-15.)

Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. <u>Lazar v. Superior Court</u>, 12 Cal.4th 631, 638 (1996). A claim for fraud in federal court, however, must satisfy Federal Rule of Civil Procedure Rule 9(b)'s particularity requirements. <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103 (9th Cir. 2003). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." <u>Neubronner v. Milken</u>, 6 F.3d 666, 671-72 (9th Cir. 1993) (quotations and citations omitted).

Plaintiff's fraud claim is alleged against all ten defendants. Plaintiff alleges "Defendants, and each of them, have made several representations to Plaintiff with regard to material facts"; "[t]hese material representations made by Defendants were false"; "Defendants knew these material representations were false when made, or . . . were made with reckless disregard for the truth"; "Defendants intended that Plaintiff rely on these material representations; "Plaintiff reasonably relied on said representations"; and "[a]s a result of Plaintiff's reliance, she was harmed and suffered damages." (FAC ¶¶ 112-17.)

Plaintiff's fraud allegations are conclusory and clearly fail to satisfy the requirements of Rule 9(b). Plaintiff has merely restated the elements of a fraud claim without providing any factual support. Nowhere in her complaint does Plaintiff describe any

1    representation made by AHMSI or AHMSI Default.  Therefore, Plaintiff's

2    fraud claims against Defendants are dismissed.

3    **E.  Unfair Competition Law Claim Against AHMSI and AHMSI Default**

4         Defendants further seek dismissal of Plaintiff's claim under

5    California Business and Professions Code § 17200 et seq (the "UCL")

6    since "Plaintiff has not alleged any facts that demonstrate Defendants

7    have engaged in any conduct that violated that statute."  (MTD 12:12-

8    14.)  Further, Defendants argue Plaintiff's complaint "fails to state

9    any claim against Defendants, and therefore, fails to allege

10   sufficient facts to demonstrate Defendants engaged in any unlawful,

11   unfair or fraudulent business practice."  (Id. 13:1-4.)  Plaintiff

12   responds that she has "alleged viable violations ('hooks') of specific

13   statutory and common law provisions under federal and state laws,

14   including violations of the Rosenthal Act, the RESPA, fraud, and

15   negligence against the moving Defendants."  (Opp'n 16:5-8.)

16        Plaintiff's UCL claim is alleged against all Defendants and

17   alleges "Defendants['] acts alleged [in the complaint] constitute

18   unlawful, unfair, and/or fraudulent business practices, as defined in"

19   the UCL, and "[a]s a result of Defendants' wrongful conduct, Plaintiff

20   has suffered various damages and injuries . . . ."  (FAC ¶¶ 120-21.)

21        "To bring a UCL claim, a plaintiff must show either an (1)

22   unlawful, unfair or fraudulent business act or practice, or (2)

23   unfair, deceptive, untrue or misleading advertising.  Because section

24   17200 is written in the disjunctive, it establishes three varieties of

25   unfair competition - acts or practices which are unlawful, or unfair

26   or fraudulent.  A practice is prohibited as unfair or deceptive even

27   if not unlawful or vice versa."  Lippitt v. Raymond James Fin. Servs.

28   Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (quotations and citations

omitted).  "[A]n action based on [the UCL] to redress an unlawful

business practice 'borrows' violations of other laws and treats these

violations . . . as unlawful practices, independently actionable under

section 17200 et seq. and subject to the distinct remedies provided

thereunder."  Farmers Ins. Exchange v. Superior Court, 2 Cal. 4th 377,

383 (1992) (quotations and citations omitted).

        Contrary to Defendants' assertion, Plaintiff's RESPA and

negligence allegations survive Defendants' dismissal motion.  These

allegations of unlawful conduct, therefore, provide predicate

violations to support Plaintiff's UCL claim.  Therefore, Defendants'

motion to dismiss Plaintiff's UCL claim is denied.

**F.  Wrongful Foreclosure Claim Against AHMSI and AHMSI Default**

        Lastly, Defendants argue Plaintiff's claims for wrongful

foreclosure should be dismissed since "delivery of the original note

and deed of trust is not required to foreclose"; Plaintiff was

provided with proper notice under California Civil Code section

2923.5; Defendants were not required to suspend foreclosure to allow

Plaintiff to be considered for alternative foreclosure options; and

Plaintiff has not alleged that she can tender the amount due under the

note.  (MTD 13:9-15:6.)  Plaintiff responds that Defendants have not

"proffered proof of ownership or possession of the Note" and therefore

are not a "'person entitled to enforce' the security interest on the

Property . . . ."  (Opp'n 17:15-23.)  Plaintiff further argues that

Defendants have not complied with California Civil Code section 2923.5

or California Commercial Code section 3301.  (Id. 18:16-20:27.)

Plaintiff also argues that Defendants were required to offer Plaintiff

a modification of her mortgage loan and suspend the foreclosure

process.  (Id. 22:9-10.)  Finally, Plaintiff argues that she does not

1   need to allege or prove her ability to tender the amount outstanding

2   on her mortgage loan in order to state a wrongful foreclosure claim.

3   (<u>Id.</u> 21:2-22:5.)

4        Plaintiff's complaint alleges that "Defendants [AHMSI],

5   Deutsche Bank, T.D. and AHSMI [Default] were not and are not in

6   possession of the Note, and are not beneficiaries, assignees or

7   employees of the person or entity in possession of the Note" and

8   therefore are "not 'persons entitled to enforce' the security

9   interest" under California Commercial Code section 3301.  (FAC ¶ 140.)

10   Further, Plaintiff alleges "Defendants also failed to properly record

11   and give notice of the Notice of Default . . . in violation of

12   California Civil [C]ode § 2923.5."  (<u>Id.</u> ¶ 142.)  Lastly, Plaintiff

13   alleges that since Defendants have received funds under the Troubled

14   Asset Relief Program ("TARP"), they are subject to the United States'

15   Treasury Department's guidelines for the Making Homes Affordable

16   Program, and were required to "suspend the foreclosure action to allow

17   the Plaintiff to be considered for alternative foreclosure prevention

18   options."  (<u>Id.</u> ¶ 148.)

19        California Civil Code sections 2924 through 2941 govern non-

20   judicial foreclosures initiated under a deed of trust.  "California

21   courts have consistently held that the Civil Code provisions 'cover

22   every aspect' of the foreclosure process and are 'intended to be

23   exhaustive.'"  <u>Morgera</u>, 2010 WL 160348, *7 (citing <u>I.E. Associates v.</u>

24   <u>Safeco Title Ins. Co.</u>, 39 Cal. 3d. 281, 285 (1985) & <u>Moeller v. Lien</u>,

25   25 Cal. App. 4th 822, 834 (1994)); <u>see also</u> <u>Castaneda</u>, 2009 WL

26   4640673, at *7 (finding the California Commercial Code inapplicable to

27   non-judicial foreclosure because the "comprehensive statutory

28   framework . . . is intended to be exhaustive" (quotations and

citations omitted)).  Therefore, "Plaintiff's reliance on Cal. Comm. Code § 3301 is misplaced" and Plaintiff's allegations under that section are insufficient to state a wrongful foreclosure claim. _Morgera_, 2010 WL 160348, at *7 (finding California Commercial Code section 3301 inapplicable to non-judicial foreclosure proceedings).

Under California Civil Code section 2924(a)(1), a non-judicial foreclosure may be initiated by a "trustee, mortgagee, or beneficiary, or any of their authorized agents . . . ."  Cal. Civ. Code § 2924(a)(1).  However, contrary to Plaintiff's assertions, the party initiating the foreclosure process need not be in possession of the note.  See _Quintero Family Trust v. Onewest Bank, F.S.B._, No. 09-CV-1516-IEG (WVG), 2010 WL 392312, at *6 (S.D. Cal. Jan. 27, 2009) (stating that "under California law there is no requirement for production of the original note to initiate nonjudicial foreclosure proceedings"); _Morgera_, 2010 WL 160348, at *7 (finding that "[t]here is no requirement that the party initiating non-judicial foreclosure proceedings be in possession of the original note"); _Champlaie_, 2009 WL 3429622, at *14 (concluding that "neither possession of the promissory note nor identification of the party in possession is a pre-requisite to non-judicial foreclosure); _Castaneda_, 2009 WL 4640673, at *7 (finding that "[u]nder California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure").  Accordingly, Plaintiff's allegation that Defendants are not in possession of the note does not state a wrongful foreclosure claim.

Further, a defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the [foreclosure]

sale procedure . . . .”  Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citation omitted).  “Therefore, an action to set aside a foreclosure sale, unaccompanied by an offer to tender, does not state a cause of action [for wrongful foreclosure] . . . .”  Morgera, 2010 WL 160348, at *7 (citing Karlsen v. Am. Sav. & Loan Ass’n, 15 Cal. App. 3d 112, 117 (1971) (stating that “[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust”)); see also Keen v. Am. Home Mortgage Servicing, Inc., No. CIV. 2-09-01026 FCD/KJM, --- F. Supp. 2d ----, 2009 WL 3380454, at *10 (concluding that borrower must allege ability to tender the amount of indebtedness to challenge foreclosure sale).  “The application of the tender rule prevents a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property.”  Keen, 2009 WL 3380454, at *10 (citing Williams v. Countrywide Home Loans, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999)).

Plaintiff has not alleged any facts suggesting she has the ability to tender her unpaid debt of $463,149.54.  (RJN Ex. C.)  Rather, she argues that tender is not required when “it would be inequitable to do so.”  (Opp’n. 21:2.)  Plaintiff, however, has not explained why requiring her to tender her outstanding debt would be “inequitable” under the circumstances.  Therefore, regardless of whether or not Defendants complied with the notice requirements of California Civil Code section 2923.5, Plaintiff’s wrongful foreclosure claim cannot survive Defendants’ dismissal motion.[2]

_____

[2]   Further, Plaintiff’s assertions of lack of notice appear to be
(continued...)

1    Plaintiff's last allegation underlying her wrongful
2  foreclosure claim alleges Defendants were required to suspend the
3  foreclosure process due to Defendants' alleged receipt of TARP funds.
4  Even if Defendants participated in the Making Homes Affordable Program
5  ("MHAP"), "Plaintiff fails to show how participation in this program
6  gives rise to a private cause of action." <u>Gaitan v. Mortgage</u>
7  <u>Electronic Registration Systems</u>, No. EDCV 09-1009 VAP (MANx), 2009 WL
8  3244729, at *13 (C.D. Cal. Oct. 5, 2009).  Further, even if provisions
9  of TARP are binding on Defendants, "there is no express private right
10 of action against TARP fund recipients." <u>Pantoja v. Countrywide Home</u>
11 <u>Loans, Inc.</u>, 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009).  Therefore,
12 Plaintiff's allegation that Defendants violated MHAP and TARP by
13 refusing to suspend the foreclosure sale, fails to state a wrongful
14 foreclosure claim.  Accordingly, Plaintiff's wrongful foreclosure
15 claim against Defendants is dismissed.

16                        **IV.  CONCLUSION**

17    For the stated reasons, Defendants' motion to dismiss is
18 GRANTED and DENIED IN PART.  Plaintiff, however, is granted leave to
19 amend any claim that has been dismissed.  Any amended pleading shall
20 be filed within fourteen (14) days of the date on which this order is
21 filed.

22 Dated:  February 10, 2010

23

24                        _____
                          GARLAND E. BURRELL, JR.
25                        United States District Judge

26

27 _____
      [2](...continued)
28 contradicted by the recorded Notice of Default and Notice of Trustee's
   Sale of which judicial notice was taken.

                              18