IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREN GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-0744-GEB-EFB |
| | ) | |
| v. | ) | ORDER DECLINING SUPPLEMENTAL |
| | ) | JURISDICTION OVER PLAINTIFF'S |
| AMERICAN HOME MORTGAGE SERVICING, INC.; AMERICAN BROKERS CONDUIT; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-I; T.D. SERVICE COMPANY; AHMSI DEFAULT SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CYPRESS MORTGAGE GROUP, INC.; THEODORE L. FOWLER; STEVEN JAMES SAMUELSON, and VELMA WILSON, | ) ) ) ) ) ) ) ) ) ) ) ) | SECOND AMENDED COMPLAINT* |
| Defendants. | ) ) | |

Defendant T.D. Service Company seeks to dismiss Plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendants American Home Mortgage Servicing, Inc. ("American Home") and AHMSI Default

---

  *  This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Services ("AHMSI") also have filed a motion seeking to dismiss Plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(b)(1), or alternatively, under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's second amended complaint alleges eight claims under California law. Plaintiff filed a "Statement of Non-Opposition" to each of the pending dismissal motions.

In her Statement of Non-Opposition to American Home and AHMSI's dismissal motion, Plaintiff states:

> [Plaintiff] does not oppose Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint due to lack of subject matter jurisdiction. Plaintiff had alleged causes of action of violations of both TILA and RESPA in the First Amended Complaint. Plaintiffs [sic] request the Court take notice that their [sic] Second Amended Complaint, the operative pleading, contains no federal causes of action. The remaining causes of action are all state claims. Therefore, this Court may decline to exercise supplemental jurisdiction over state law claims and choose to not consider Defendants' arguments on the remaining state law claims . . . . To avoid unnecessary usurpation of the Court's time and resources, as well as those of the parties, Plaintiffs [sic] have no objection to the Court's dismissal without prejudice of this matter. The Plaintiff respectfully requests that the Second Amended Complaint be dismissed in its entirety without prejudice.

(Statement of Non-Opposition to American Home and AHMSI's Mot. to Dismiss 1:25-2:15.)

Plaintiff's Statement of Non-Opposition appears to request that the court decline to continue exercising supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c)(3). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." The decision to decline

supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996).  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Since state courts have the primary responsibility for developing and applying state law, the Gibbs values do not favor reytaining jurisdiction in this case.  See Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims); Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "the Gibbs values do not favor continued exercise of supplemental jurisdiction" once all federal claims have been resolved).  Therefore, the court declines to continue exercising supplemental jurisdiction over the state law claims alleged in Plaintiff's second amended complaint and Plaintiff's state claims are dismissed without prejudice.  Accordingly, this case shall be closed.

Dated:  April 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge